| | |
|---|---|
| Mark A. Bailey, Esq., WSBA #26337<br>Beresford Booth PLLC<br>145 Third Avenue South, Ste. 200<br>Edmonds, WA 98020<br>Phone (425) 776-4100<br>Fax (425) 776-1700<br>Attorney for Select Portfolio Servicing, Inc. | The Honorable Lonny R. Suko<br>Hearing Date: February 23, 2011<br>Response Date: January 31, 2011 |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ANGELA UKPOMA,<br><br>               Plaintiff,<br><br>vs.<br><br>SELECT PORTFOLIO SERVICING, INC.,<br><br>               Defendant. | NO. 2:10-cv-00420-LRS<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**<br><br>**Hearing Date and Time:**<br><br>**February 23, 2011, at 6:30 p.m.**<br><br>**WITHOUT ORAL ARGUMENT** |

The defendant, Select Portfolio Servicing, Inc. ("SPS"), respectfully submits this Memorandum in Support of its Motion to Dismiss. This Court should dismiss this action, filed on December 1, 2010, by plaintiff Angela Ukpoma. A week after commencing this action, on December 8, 2010, Ukpoma filed for relief under Chapter 7 of the United States Bankruptcy Code, in the Eastern District of Washington Bankruptcy Court, Case No. 10-06815-PCW7. As such, Ukpoma's claims became property of her bankruptcy estate. Because Ukpoma is not the real party in interest and lacks standing to pursue the claims asserted in this case in her individual capacity,

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 1

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

this Court should dismiss this action in its entirety. In the alternative, Ukpoma's claims should be dismissed for failure to state a claim against SPS under Fed. R. Civ. P. 12(b)(6).

## FACTS

Ukpoma purports to bring this action against SPS, her mortgage loan servicer, under the Truth in Lending Act, 15 U.S.C. §§1601 *et seq.* ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. §2602 ("RESPA"). *See* Ukpoma's Original Petition, filed December 1, 2010 (Ct. Dkt. No. 1), at ¶2. Ukpoma owns the subject residence, located at 1123 Highway 395 North, Kettle Falls, Washington 99141 (the "Property"), subject to a note and deed of trust securing a lien on the Property.

Ukpoma's mortgage obligations arise under an Adjustable Rate Note dated December 13, 2006, pursuant to which she agreed to pay $252,000 plus interest in monthly installments of $1,575 to her original lender, Credit Suisse Financial Corporation (the "Original Lender"). *See* the supporting Declaration of Diane Weinberger, dated December 22, 2010, filed herewith (the "Weinberger Declaration"), at Exhibit A. The Note was secured by a Deed of Trust on the Property, which was duly recorded in Stevens County on December 21, 2006, under Stevens County Auditor's File No. 2006 0015510. Weinberger Declaration, Exhibit B.

All of the Original Lender's right, title, and interest under the Note and Deed of Trust are now owned by U.S. Bank National Association, as Trustee, on behalf of the Holders of Adjustable Rate Mortgage Trust 2007-2 Adjustable Rate Mortgage-Backed Pass Through Certificates, Series 2007-2 (the "Trust"), pursuant to a March 17, 2008, Corporate Assignment of Deed of Trust, which was duly recorded in Stevens County on April 15, 2008,

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 2

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

under Stevens County Auditor's File No. 2008 000259. Weinberger Declaration, Exhibit C. Assignment of the Note and Deed of Trust was permitted at any time without prior notice to Ukpoma. Weinberger Declaration, Exhibit B, at ¶20.

SPS is a loan servicer, and has serviced Ukpoma's mortgage loan since December 2006. Ukpoma made monthly payments of $1,575 until September 2007. She has made no payments since September 6, 2007. Weinberger Declaration, ¶8.

SPS initiated foreclosure proceedings, and a trustee's sale was duly scheduled for December 3, 2010. Weinberger Declaration, ¶9. Ukpoma filed the present action on December 1, 2010. On December 8, 2010, Ukpoma filed a petition for relief under Chapter 7 of the United States Bankruptcy Code, Eastern District of Washington Bankruptcy Court Case No. 10-06815. The bankruptcy case remains pending. SPS and the Trust have filed a motion for relief from stay in the bankruptcy proceedings.

## LEGAL AUTHORITY

### 1. Ukpoma's Chapter 7 Bankruptcy Trustee, Not Ukpoma, is the Real Party in Interest.

The filing of a petition in bankruptcy creates an estate that generally includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). Any causes of action that accrue to the debtor prior to filing the bankruptcy petition are property interests included in the estate. *Integrated Solutions, Inc. v. Service Support Specialties, Inc.,* 124 F.3d 487, 491 (3d Cir.1997); *Cain v. Hyatt,* 101 B.R. 440, 441-42 (E.D.Pa.1989); *Miller v. Shallowford Community Hospital, Inc.*, 767 F.2d 1556 (11th Cir. 1985) ("property of the estate" generally includes

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 3

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

causes of action); *In re Shore Air Conditioning*, 18 B.R. 643 (Bankr. D.N.J. 1982). After a claim becomes property of the estate, only the bankruptcy trustee, as representative of the estate, has the authority to prosecute or settle the cause of action. *Chrysler Credit Corp. v. B.J.M., Jr., Inc.,* 834 F. Supp. 813, 839 (E.D.Pa.1993); *Cain,* 101 B.R. at 442. *See Sender v. Simon,* 84 F.3d 1299, 1305 (10th Cir.1996) (holding that a bankruptcy estate includes "causes of action belonging to the debtor at the commencement of the bankruptcy case"); *Wieburg v. GTE Sw. Inc.,* 272 F.3d 302, 305-308 (holding that the trustee is the real party in interest and has exclusive standing to assert pre-petition claims).

There can be no dispute that Ukpoma's claims in this lawsuit accrued before her bankruptcy petition was filed. Once Ukpoma commenced her bankruptcy case, her claims became the property of her bankruptcy estate. Because Ukpoma is not the real party in interest, this Court should dismiss this action in its entirety.

**2. Ukpoma Fails to State a Claim Against SPS Upon Which Relief Can Be Granted.**

Ukpoma's claims against SPS should also be dismissed for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). A complaint should be dismissed if its fails to set forth facts that would entitle the plaintiff to relief. *E.g., Perfect 10, Inc. v. Visa Int'l Service Ass'n*, 494 F. 3d 788, 794 (9th Cir. 2007). Although a plaintiff's allegations are generally taken as true, the court need not accept conclusory allegations of law or unwarranted inferences, and dismissal is required if the facts are insufficient to support a cognizable claim. *City of Arcadia v. U.S. Envt'l. Prot. Agency,* 411 F.3d 1103, 1106 n. 3 (9th Cir.2005); *see also Pena v.*

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 4

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax


*Gardner,* 976 F.2d 469, 471-72 (9th Cir.1992). The plaintiff must allege facts showing that the defendant's acts or omissions caused the damages of which the plaintiff complains. *Accord, Perfect 10*, 494 F.3d at 796; *see also Townsend v. Sain,* 372 U.S. 293, 312, 83 S.Ct. 745, 757, 9 L.Ed.2d 770 (1963) (petitioner must " allege . . . facts which, if proved, would entitle him to relief").

Here, Ukpoma's claims under RESPA and TILA are expressly and necessarily founded upon alleged acts and omissions in the origination of her loan by her Original Lender and real estate broker, neither of which is named as a party defendant. These alleged events predated SPS's involvement with the loan, and there is no allegation to the contrary.

Ukpoma's Original Petition contains a mish-mash of cut and pasted general legal propositions and citations, but no allegations of any facts pertaining to acts or omissions by SPS. Ukpoma claims that the assignment of the loan to the Trust was "illegal, fraudulent and void" (*e.g.* Original Petition, ¶¶23(c), 40). But she fails to set forth any specific facts to substantiate this claim, which is foreclosed by the fact that her Note and Deed of Trust could be expressly sold and assigned at any time.

Beyond those allegations, a careful review of Ukpoma's complaint reveals numerous vague allegations that her original lender, broker, and closing agent made misrepresentations and failed to make required disclosures in the origination of the loan, but not one allegation that SPS improperly serviced the loan once it took over the loan servicing obligations for the Trust as assignee.

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 5

**BERESFORD ♦ BOOTH** PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

## CONCLUSION

As the debtor in a pending bankruptcy case filed after this action was commenced, Ukpoma is not the real party in interest, as her claims, if any, against SPS are the property of her bankruptcy estate. Moreover, her Original Petition fails to state a claim for relief against SPS. This Court should therefore dismiss this action in its entirety.

A proposed order is attached to the Motion to Dismiss, filed herewith, as Exhibit 1.

DATED this 27th day of December, 2010.

/s/ Mark A. Bailey
Mark A. Bailey, WSBA No. 26337
BERESFORD ♦ BOOTH PLLC
145 Third Ave. S, Suite 200
Edmonds, WA 98020
(425) 776-4100
Facsimile: (425) 776-1700
markb@beresfordlaw.com

*Counsel for Defendant Select Portfolio Servicing, Inc.*

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 6

BERESFORD ♦ BOOTH PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System and mailed the foregoing to the following via U.S. Mail to:

Angela Ukpoma
P.O. Box 1075
Kettle Falls, WA 99141
*Pro Se*

Angela Ukpoma
1123 Highway 395 North
Kettle Falls, WA  99141
*Pro Se*

Bruce R. Boyden, Chapter 7 Trustee
Law Offices of Bruce R. Boyden
621 West Mallon
Suite 607
Spokane, WA 99201

DATED this 27th day of December, 2010.

/s/ Mark A. Bailey
Mark A. Bailey, WSBA No. 26337
BERESFORD ♦ BOOTH PLLC
145 Third Ave. S, Suite 200
Edmonds, WA  98020
(425) 776-4100
Facsimile: (425) 776-1700
markb@beresfordlaw.com

*Counsel for Defendants Select Portfolio Servicing, Inc.*

MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS - 7

BERESFORD ♦ BOOTH PLLC
145 THIRD AVENUE SOUTH, SUITE 200
EDMONDS, WASHINGTON 98020
(425) 776-4100 · (425) 776-1700 fax